UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LORI DRUMMOND, on behalf of herself and all others similarly situated,**

    **Plaintiff,**

v.

**PD FLORIDA, LLC PARENT, a Foreign Limited Liability Company,**

    **Defendant.**
_____/

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, LORI DRUMMON on her own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), by and through her undersigned counsel, hereby files this Complaint against Defendant, PD FLORIDA, LLC PARENT, a Foreign Limited Liability Company ("PD" or "Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act").

2. Defendants are liable under the WARN Act for their failure to provide the Plaintiff and all others similarly situated at least sixty (60) days advance notice of their termination, as required by the WARN Act.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Panama City and Destin, Florida.

## PARTIES

5. At all times material to this action, Defendants were a Foreign Limited Liability Company conducting business in St. Lucie County, Florida.

6. Plaintiffs worked for Defendants in Bay and Okaloosa County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiffs were employed by Defendants.

8. On November 11, 2019, Defendants, without warning, and despite having knowledge of their intention to conduct mass lay-offs, engaged in a mass lay off without properly notifying Plaintiffs.

9. No prior written notice was provided to the Plaintiffs as required by the WARN act.

10. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

11. Plaintiffs demand a trial by jury on all claims alleged herein.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act, on behalf of themselves, and a class of employees who were laid off by Defendants as part of a reasonably foreseeable result of shutdowns or mass layoffs ("Class") on November 11, 2019.

13. The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are, upon information and belief, approximately one-hundred or more (100) potential class members.

14. There are questions of law and fact common to the Class Members, namely:

(a) Whether the Class Members were employees of Defendants;

  (b) Whether Defendants ordered the termination of employment of each of the Class Members without giving them 60 days advance written notice as required by the WARN Act; and

  (c) Whether the Defendants were subject to any of the defenses provided for in the WARN Act;

15. The claims of the representative Plaintiff are typical of the claims of the Class, as she/they were laid off as part of the shutdown or mass layoff, and did not receive the requisite notice.

16. The representative Plaintiff will fairly and adequately protect the interests of the class.

17. The named Plaintiff retained counsel competent and experienced in complex class action employment litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

19. Defendants have acted on grounds that apply generally to the class.

20. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class.

## WARN ACT ALLEGATIONS

21. Plaintiff and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs of a single site of employment as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

22. At all relevant times, Defendants employed hundreds of employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act.

23. At all relevant times, Defendants were "employers" as that term is defined by the WARN Act.

24. On November 11, 2019, Defendants ordered "shutdowns" or "mass layoffs" as that term is defined by the WARN Act.

25. Defendants' actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

26. Defendants' termination of the Class Members' employment constituted plant shutdowns or mass layoffs at a single site of employment as defined by the WARN Act.

27. The Plaintiff and each of the Class Members who were employed by Defendants and then terminated by Defendant as a result of Defendants' executing plant shutdowns or mass layoffs were "affected employees" as defined by the WARN Act.

28. The Plaintiff and each of the Class Members are "aggrieved employees" of Defendants as that term is defined by the WARN Act.

29. Pursuant to the WARN Act, Defendants were required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

30. Defendants failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

31. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

32. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

33. All administrative notice requirements and prerequisites have been satisfied.

## COUNT I
## VIOLATIONS OF THE WARN ACT AGAINST DEFENDANT

34. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully stated herein.

35. Defendants' failure to provide Plaintiffs advanced written notice of their layoffs constitutes a violation of the WARN Act.

WHEREFORE, Plaintiff prays that this Court award the following relief:

(a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

(b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

(c) Designation of Plaintiff, VICKI DAMERON, as the Class Representative;

(d) Appointment of the undersigned attorneys as Class Counsel;

(e) Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g) Such other and any other additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

Dated this 13th day of November 2019.

                              Respectfully submitted

                              ***/s/ Noah E. Storch***
                              Noah E. Storch, Esq.
                              Florida Bar No. 0085476
                              RICHARD CELLER LEGAL, P.A.
                              10368 W. SR 84, Suite 103
                              Davie, Florida 33324
                              Telephone:  (866) 344-9243
                              Facsimile:   (954) 337-2771
                              E-mail: noah@floridaovertimelawyer.com

                              *Trial Counsel for Plaintiffs*